# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JACKIE D. MASON,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH BOEHLKE, JENNIFER JOHNSON, CINDY CARLSON a/k/a CINDY K. BEASTER, JON CHARLES, and PHILIP SIMMERT, II,<br><br>    Defendants. | Case No. 25-CV-75-JPS<br><br><br>**ORDER** |

## 1. INTRODUCTION

Plaintiff Jackie D. Mason ("Plaintiff"), proceeding pro se, sues Defendants Joseph Boehlke ("Boehlke"), Jennifer Johnson ("Johnson"), Cindy Carlson a/k/a Cindy K. Beaster ("Carlson"), Jon Charles ("Charles"), and Philip Simmert, II ("Simmert") (collectively, "Defendants"). ECF No. 1. He also moves for leave to proceed in forma pauperis. ECF No. 2.

This action appears to be essentially a re-filing of the case that this Court dismissed without prejudice in September 2024 after multiple filings mailed to Plaintiff were returned as undeliverable. *Mason v. Boehlke et al.*, No. 23-CV-367-JPS, ECF No. 63 (citing ECF Nos. 19, 59, 62). Because that dismissal was without prejudice, it does not bar the re-filing of this case.

For the reasons discussed herein, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis and will allow Plaintiff to proceed against Defendants on the claims enumerated herein.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits."[1] *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other, inapplicable grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

R. Civ. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Because the Court concludes *infra* Section 3 that Plaintiff pleads claims within the Court's subject matter jurisdiction and that need not be dismissed under 28 U.S.C. § 1915(e)(2)(B), the Court proceeds to address the merits of his motion for leave to proceed in forma pauperis. Plaintiff avers that he is unemployed and receives $730 per month from Social Security. ECF No. 2 at 1–2. He has no other form of income. *Id.* at 2. He has no significant savings or property of value. *Id.* at 3–4. The Court is therefore satisfied that Plaintiff is indigent, and it will accordingly grant his motion for leave to proceed in forma pauperis.

3.  **SCREENING**

    3.1  **Standards**

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on the defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a

claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)) (internal bracketing omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need

not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Plaintiff's Allegations

Plaintiff's allegations are basically the same as those made in his amended complaint in Case No. 23-CV-367-JPS. At the time of the relevant events, Defendants worked in law enforcement for the City of Milwaukee. *See generally* ECF No. 1. The essence of Plaintiff's allegations is that Defendants violated his rights when they investigated him, arrested him, and contributed to his imprisonment imposed in *State of Wisconsin v. Jackie D. Mason*, Case No. 2012CF000228 (Milwaukee Cnty. Cir. Ct. 2012).[2] *See generally id.*[3]

---

[2] When the Court screened Plaintiff's complaint in April 2023 in Case No. 23-CV-367-JPS, that state case appeared on the Wisconsin Circuit Court Access website. *See Mason v. Boehlke et al.*, No. 23-CV-367-JPS, ECF No. 5 at 4 (providing now inaccessible link to the case). For whatever reason, the 2012 Milwaukee County case no longer appears there.

[3] As the Court noted in its screening order in Case No. 23-CV-367-JPS, ECF No. 5 at 7–12, *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar this action because Plaintiff's conviction in Case No. 2012CF000228 was vacated in federal habeas corpus proceedings. *See generally Mason v. Hepp*, No. 18-CV-1351-PP, ECF No. 31 (E.D. Wis. Mar. 14, 2022).

Plaintiff alleges that Defendants produced and presented police reports wrongfully accusing him of sexual assault and battery. *See id.* at 3–5. On January 10, 2012, Defendants "arrested and/or detained" Plaintiff without probable cause. *Id.* at 3–5.

Boehlke and Johnson filed Milwaukee Police Incident Report #120100158, which alleged that Plaintiff committed felony battery and was "in part responsible" for Plaintiff being unlawfully incarcerated for over ten years. *Id.* at 3–4. Plaintiff alleges that Boehlke and Johnson included knowingly false statements in Report #120100158, that they omitted information from the report that would have "supported a lack of probable cause," and that they proceeded with a reckless disregard for the truth. *Id.*

Plaintiff alleges that Carlson failed to properly investigate and acted maliciously. *Id.* at 4. She filed Milwaukee Police Incident Report #120100162, which alleged that Plaintiff committed felony battery and third-degree sexual assault and contributed to Plaintiff's being unlawfully imprisoned for over ten years. *Id.*

Plaintiff alleges that Charles and Simmert filed Milwaukee Police Incident Report #080760177, which alleged that Plaintiff committed felony battery and third-degree sexual assault and contributed to Plaintiff's being unlawfully imprisoned for over ten years. *Id.* at 4. Charles and Simmert included statements in the report that were knowingly false. *Id.*

### 3.3 Analysis

Plaintiff's complaint presents several potential claims. First, it presents potential claims of unlawful arrest under the Fourth Amendment. *See Leaver v. Shortess*, 844 F.3d 665, 669 n.1 (7th Cir. 2016) ("A warrantless arrest without probable cause gives rise to a Fourth Amendment claim for false arrest . . . ." (citing *Wallace v. Kato*, 549 U.S. 384, 390 (2007))); *Carlson v.*

*Bukovic,* 621 F.3d 610, 622 n.19 (7th Cir. 2010) ("[The Seventh Circuit] ha[s] recognized false arrest as a basis for a section 1983 Fourth Amendment claim." (citing *Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009))).

The complaint also presents potential Fourteenth Amendment claims for fabrication/falsification of police reports resulting in wrongful conviction. *See Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012) ("We have consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way."); *see also Ferguson v. Cook County*, No. 20-cv-4046, 2021 U.S. Dist. LEXIS 137158, at *30 (N.D. Ill. July 22, 2021) (citing *Acevedo v. Canterbury*, 457 F.3d 721, 723 (7th Cir. 2006)); *Curtis v. City of Chicago,* No. 01 C 8004, 2002 U.S. Dist. LEXIS 24053, at *10 (N.D. Ill. Dec. 12, 2002) ("The amended complaint adequately pleads a due process violation. Plaintiff alleges that criminal charges were initiated against him based on the falsified police records . . . . [He] has alleged that he was wrongfully detained . . . for over two years due to the initiation of criminal charges based on the falsified police records. 'Because an unfair trial is a predictable consequence when police officers systematically mislead prosecutors, the court concludes that Plaintiff has stated a due process claim with regard to his allegations' that the Officers falsified police records." (quoting *Castillo v. Zuniga*, No. 01 C 616, 2002 U.S. Dist. LEXIS 4261, at *32 (N.D. Ill. Mar. 14, 2002))); *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017) ("[C]onvictions premised on deliberately falsified evidence will always violate the defendant's right to due process."). Such a claim is, like the Fourth Amendment unlawful arrest claim, also pursued via § 1983. *See Norris v. Baikie,* No. 14-cv-1652, 2017 U.S.

Dist. LEXIS 12147, at *14 (N.D. Ill. Jan. 30, 2017) (citing *Saunders-El v. Rohde*, 778 F.3d 556, 560–61 (7th Cir. 2015)).

Lastly, a liberal review of Plaintiff's complaint reveals potential claims of malicious prosecution under Wisconsin law. *State v. Minniecheske*, No. 90-2636, 486 N.W.2d 36, 1992 Wisc. App. LEXIS 362 (Wis. Ct. App. Apr. 14, 1992) ("An action for malicious prosecution will lie only where the proceeding upon which the claim is based is begun with malice, without probable cause[,] and ends in failure." (citing *Pronger v. O'Dell*, 379 N.W.2d 330, 332 (Wis. Ct. App. 1985))); *McCaigue v. Lawrence Univ.*, No. 2023AP1979, 2024 Wisc. App. LEXIS 1019, ¶ 30 (Wis. Ct. App. Dec. 3, 2024) ("A malicious prosecution claim, however, is not limited to individuals who actually filed charges against or prosecuted the plaintiff.").

Having identified those potential claims, the Court now discusses the matter of statutes of limitation, since the events underlying this lawsuit occurred over a decade ago. To determine the relevant statute of limitations, the Court must look back to "the time of the underlying events." *Dorgay v. Reif*, No. 23-3058, 2024 U.S. App. LEXIS 14610, at *4 n.1 (7th Cir. June 17, 2024) (citations omitted); *see also Tayr Kilaab Al Ghashiyah (Khan) v. Jess*, No. 21-CV-1479-JPS, 2023 U.S. Dist. LEXIS 152054, at *12 (E.D. Wis. Aug. 29, 2023) ("Courts apply the statute of limitations law that was in effect as of the date of the events giving rise to the lawsuit . . . ." (citing *D'Acquisto v. Love*, No. 20-C-1034, 2020 U.S. Dist. LEXIS 186951, at *1–2 (E.D. Wis. Oct. 8, 2020))).

The statute of limitations for any claim brought under § 1983—here, both any potential Fourth Amendment and Fourteenth Amendment claims—was six years in 2012 in Wisconsin. *Herrera v. Cleveland*, 8 F.4th 493, 495 n.2 (7th Cir. 2021) ("Section 1983 provides a federal cause of action, but

the forum state's personal injury law determines the length of the statute of limitations." (citing *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007) and *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019)); *Dorgay*, 2024 U.S. App. LEXIS 14610, at *4 n.1 (noting that Wisconsin had a six-year statute of limitations for personal injuries from 2011 to April 5, 2018, at which point the statute of limitations was reduced to three years (citing Wis. Stat. § 893.53 (2011), amended by 2017 Wisc. Act 235 (eff. Apr. 5, 2018))).

Meanwhile, in 2012, a claim of malicious prosecution under Wisconsin law carried a three-year statute of limitations. *Turner v. Sanoski*, 787 N.W.2d 429, ¶ 13 (Wis. Ct. App. June 22, 2010) ("[B]ecause malicious prosecution is an intentional tort to the person, the WIS. STAT. § 893.57 . . . statute of limitation applies."); *Beck v. Mueller*, 848 N.W.2d 903, ¶ 5 n.1 (Wis. Ct. App. 2014) ("Section 893.57 was amended in February 2010 to change the statute of limitations under that section from two years to three years." (citing 2009 Wis. Act 120)).

Having identified the statutes of limitation applicable to each potential claim, the Court must next analyze when those claims accrued. The Court begins with the potential malicious prosecution claims under Wisconsin law. "[A] malicious prosecution claim does not accrue until the criminal proceeding that gave rise to it ends in the claimant's favor." *Julian v. Hanna*, 732 F.3d 842, 845 (7th Cir. 2013) (collecting sources). Plaintiff's criminal proceedings did not end in his favor until his conviction was vacated as a result of federal habeas corpus proceedings in March 2022. *See Mason v. Hepp*, No. 18-CV-1351-PP, ECF No. 31 (E.D. Wis. Mar. 14, 2022). The statute of limitations accordingly began to run at that time, and it has not yet expired.

Page 9 of 12
Case 2:25-cv-00075-JPS    Filed 02/03/25    Page 9 of 12    Document 4

The Court next addresses Plaintiff's potential Fourteenth Amendment due process claim for falsification/fabrication of evidence. "Federal law . . . governs the accrual date for § 1983 claims . . . ." *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). Such a claim accrues, as is the case with malicious prosecution, "only once the underlying criminal proceedings have resolved in the plaintiff's favor" "or a resulting conviction has been invalidated within the meaning of *Heck*." *McDonough v. Smith*, 588 U.S. 109, 116, 120 (2019). Accordingly, just as with Plaintiff's malicious prosecution claim, the statute of limitations as to any Fourteenth Amendment due process claim has not yet expired.

The same is not true with respect to Plaintiff's Fourth Amendment unlawful arrest claim, however. Such a claim is not implicated by *Heck* and so does not benefit from *Heck*'s deferred-accrual rule. *See O'Boyle v. Carassco*, No. 16-cv-959-pp, 2019 U.S. Dist. LEXIS 39389, at *29 (E.D. Wis. Mar. 12, 2019) ("The Seventh Circuit has held that Fourth Amendment claims, such as . . . unlawful arrest, survive *Heck* 'because misconduct by the police does not (at least, need not) imply the invalidity of any particular conviction.' . . . If the 'injuries complained of were inflicted before there had been a judicial determination of probable cause,' such claims are properly brought under the Fourth Amendment, and *Heck* does not bar them." (first quoting *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014) and then quoting *Hill v. Murphy*, 785 F.3d 242, 244–45 (7th Cir. 2015))). Instead, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Kato*, 549 U.S. at 397. Plaintiff became "detained pursuant to legal process" over a decade ago. *Id; see Mason v. Hepp*, No. 18-CV-1351-PP, ECF

No. 31 at 2, 23 (recounting that Plaintiff appeared for a preliminary hearing in state court in January 2012 and for the first day of trial on November 26, 2012). Over twelve years have passed since Plaintiff's Fourth Amendment claim began to accrue, and because the relevant statute of limitations is six years, any Fourth Amendment unlawful arrest claim is time barred.

**4.     CONCLUSION**

For the reasons discussed herein, Plaintiff's motion for leave to proceed in forma pauperis is granted, and Plaintiff may proceed against Defendants on a Fourteenth Amendment due process claim for fabrication/falsification of evidence and a state law malicious prosecution claim. Plaintiff may not proceed on a Fourth Amendment unlawful arrest claim because such a claim is plainly time barred. *See Dickens v. Illinois*, 753 F. App'x 390, 392 (7th. Cir. 2018) (noting that court may consider statute of limitations on screening when that "defense . . . is evident on the face of the pleadings" (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007))).

Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshals Service if a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 and if the plaintiff so requests. *See Williams v. Werlinger*, 795 F.3d 759, 759 (7th Cir. 2015). Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65 per hour. 28 C.F.R. § 0.114(a)(2), (a)(3). Congress has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Plaintiff's motion for leave to proceed in forma pauperis has been granted herein. Thus, the Court will require Plaintiff to elect, within **fourteen (14) days**, whether he desires

service by the U.S. Marshals Service or whether he will obtain service on his own. If Plaintiff wants to effect service himself, he should simultaneously file a request for the Clerk of the Court to issue a service packet to him.

In closing, Plaintiff should heed this warning: if filings mailed to him continue to be returned as undeliverable at his address of record, this case will be dismissed just as his previous one was. Such a dismissal could potentially have statute of limitations consequences.

Accordingly,

**IT IS ORDERED** that Plaintiff Jackie D. Mason's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff Jackie D. Mason shall file, within **fourteen (14) days**, a notice indicating which method of service he elects.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge