# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JACKIE D. MASON,<br><br>        Plaintiff,<br><br>v.<br><br><br><br>JOSEPH BOEHLKE, JENNIFER JOHNSON, CINDY CARLSON *a/k/a* CINDY K. BEASTER, JON CHARLES, and PHILIP SIMMERT, II,<br><br>        Defendants. | Case No. 25-CV-75-JPS<br><br>**COMPREHENSIVE PROTOCOLS AND PROCEDURES ORDER FOR CIVIL CASES PENDING BEFORE U.S. DISTRICT JUDGE J.P. STADTMUELLER** |

      This branch of the court has adopted a series of comprehensive pretrial protocols and procedures addressed in the balance of this Order, each of which is designed to ensure that each assigned civil case is both adequately and cost-effectively prepared and, equally important, *fully concluded* within 12–14 months from the date of filing. Each of these protocols is in keeping with the teachings of Federal Rule of Civil Procedure 1, which provides, in relevant part, that the rules "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Although parties involved in litigation

remain free to prolong their disputes so long as their resources and time permit, this Court will not find itself cast in the role of providing a safe harbor to do so. At the same time, mediocrity, animated with a lack of attention to detail, resulting in ineffective preparation and runaway costs, has no place in the skill set of any practicing member of the bar holding themselves out as an officer of the Court.

Accordingly,

**IT IS ORDERED** that within two weeks of all named parties entering their appearances, they shall submit a joint Rule 26 plan. The Court will then issue a formal written scheduling order. Fed. R. Civ. P. 16(b)(1)(A). The only dates appearing in this Court's initial scheduling order are a date to submit an interim settlement report and a cutoff date for dispositive motions. Dates associated with a trial, if necessary, will be determined following the Court's rulings on dispositive motions, should they be filed. After more than thirty seven years as a district judge, the Court has found through experience that it works best for seasoned lawyers working together in a cooperative, professional atmosphere to address all matters necessary to ensure that their respective cases are adequately, as well as timely, prepared as scheduled by the Court.

**IT IS FURTHER ORDERED** that pro se litigants and counsel for represented parties meet and confer forthwith to address the substantial work necessary for the orderly preparation of the case for trial, bearing in mind each of the following protocols:[1]

---

[1] These protocols are designed to be consistent with federal law, the Federal Rules of Civil Procedure, and the Eastern District of Wisconsin Local Rules. Fed. R. Civ. P. 83. To the extent these protocols supplement another rule, these protocols control. *Id.*

1.  **MOTIONS TO DISMISS AND OTHER RULE 12 MOTIONS**

    Should any defendant contemplate filing a motion to dismiss, or any motion under Federal Rule of Civil Procedure 12, the parties must meet and confer *before* the motion is filed. Any motion to dismiss or other motion under Rule 12 must be accompanied by a written certification that the parties met and conferred. Such certification should be filed separately on the docket and not hidden within a brief or attachment. At the meet and confer, the defendant(s) should take care to explain the reasons, including both a factual and a legal analysis, why they intend to move to dismiss the complaint and/or file their Rule 12 motion, and the plaintiff(s) should strongly consider filing an amended complaint.

    Should the meet and confer process not be fruitful, or should any resulting amended complaint not solve the issues identified by the defendant(s) as bases for dismissal and/or a Rule 12 motion, the parties must jointly prepare a 3–5 page, double-spaced, executive summary of the anticipated motion to dismiss and/or Rule 12 motion in letter form prior to the filing of the motion. Such summary must be filed using a case-participant-only restriction so that access is restricted to the Court and the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the summary is necessary. The contents of the executive summary must include, but are not limited to:

    - Regardless of whether an amended complaint was filed, a brief description of what the parties did to comply with the meet and confer requirement;
    - If an amended complaint was filed, a brief description of what remained inadequate in the amended complaint such that a motion to dismiss and/or Rule 12 motion is necessary;

- A list of the legal issues and a 1–2 sentence summary of each party's arguments in support of and in opposition thereto;
- A list of any parties that are agreed to be dismissed or substituted; and
- A list of any claims that are agreed to be dismissed.

These items need not be drafted in granular form in the executive summary. The executive summary should be filed within five (5) days of either an unsuccessful meet and confer or an inadequate amended complaint. The time for filing the motion to dismiss and/or Rule 12 motion (in other words, the time to file a responsive pleading) will be stayed while the Court reviews the executive summary.

Depending on the issues presented, the Court may thereafter hold either an in-person or telephonic conference with the parties to discuss how to proceed. At the conference, the Court may set a schedule for the parties to brief the motion to dismiss and/or Rule 12 motion. The conference will also be the parties' opportunity to ask questions to ensure that they fully understand the nature and purpose of the Court's protocols.

Should a motion to dismiss and/or Rule 12 motion be appropriate, in addressing **substantive motions**, the Court will consider only the facts as they appear in the complaint or other pleadings, as applicable. Therefore, the parties should omit a facts section from their briefing; if a facts section is included in the briefing, it will be disregarded. For **jurisdictional motions** (e.g., those based on standing, subject matter, and venue), the parties must meet and confer and provide a single, itemized, agreed-upon statement of facts addressing the jurisdictional issue. If any facts pertaining to jurisdiction are in dispute, each party may submit a set of itemized disputed facts, which may not exceed one (1) page per party. Again, the

parties should omit a facts section from their briefing. The Court will only consider the complaint and the jurisdictional facts, if applicable; if a facts section is included in the briefing, it will be disregarded.

The parties must also submit joint proposed jury instructions detailing the elements of each claim and defense. The joint proposed jury instructions should be filed as a single standalone document filed contemporaneously with the motion to dismiss. The proposed jury instructions must be tailored to the facts, edited, and formatted exactly as the parties would expect that they be delivered to a jury; form-book citations are not acceptable substitutes. If there is a dispute as to the proposed jury instructions (i.e., as to the applicable law), each party should provide their version of the instruction accompanied by 1–2 cases in support thereof in the joint document. Then, each party must explain why the case(s) support their position regarding the disputed instruction in the motion to dismiss briefing, keeping within the standard page allotment. In their briefing, the parties should refer and cite to the proposed jury instructions (whether agreed, or their proposed version) to guide the Court through the relevant facts.

The rationales for this requirement are threefold. First, the Court expects that jointly crafting a set of applicable jury instructions will help the parties get on the same page about the elements of their claims and defenses and the applicable law, and, in doing so, identify any deficiencies in the complaint. Regrettably, all too often in today's world, pleadings and associated discovery have been relegated to little more than obfuscation masquerading as a stream of consciousness. Second, this requirement should encourage the parties to agree on proposed jury instructions and the applicable law, because in the event that they do not agree, they must use

pages of their briefing to explain the disagreement. Third, this exercise will provide an excellent blueprint for completion of relevant, narrowly tailored, discovery.

Briefs in support of, or in opposition to, motions to dismiss and/or motions under Rule 12 should cite no more than ten (10) cases per cause of action or defense. The Court prefers that parties avoid string citations, particularly those lacking explanatory parentheticals. Additionally, although it should go without saying, the parties must have actually read the cases to which they cite. Equally important, as officers of the court, counsel for represented parties have an obligation to bring to the Court's attention contrary legal authority, together with an analysis suggesting the authority may be inapplicable, or perhaps, wrongly decided.

In general, if a complaint can be remedied simply by adding more detail, then the plaintiff(s) should either act preemptively to amend the complaint or the parties should agree to proceed to the fact-finding portion of the proceeding, e.g., summary judgment or trial. The Court expects that this exercise in efficiency will obviate the need to file most motions to dismiss and/or motions under Rule 12. Indeed, when the Court grants a motion to dismiss, it often grants leave to amend; therefore, it is in every litigant's interest to discuss the matter prior to the submission of a formal motion to dismiss.

2. **MOTIONS FOR SUMMARY JUDGMENT**

While the Court does not set a discovery deadline beyond that which is set by the Federal Rules, the Court expects that, if parties intend to move for summary judgment, they will have completed all discovery necessary to support their respective positions on the motion.

For summary judgment motions, the parties must meet and confer at least forty-five (45) days prior to filing such motion. Within five (5) days after the meet and confer, the parties must file a 3–5 page, double-spaced, executive summary of the motion in letter form. Such summary must be filed using a case-participant-only restriction so that access is restricted to the Court and the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the summary is necessary.

The purpose of the executive summary is to allow the Court to determine whether the parties have completed sufficient discovery to support a motion for summary judgment and are on track to file a motion accompanied by briefing that adequately focuses on the issues in dispute. To that end, the contents of the executive summary must include, but are not limited to:

- A brief description of what the parties did to comply with the meet and confer requirement;
- A list of the legal issues and a 1–2 sentence summary of each party's arguments in support of and in opposition thereto;
- A brief narrative of core undisputed facts, in chronological order;
- A list of core disputed facts and the basis for each dispute;
- A list of any parties that are agreed to be dismissed or substituted;
- A list of any claims that are agreed to be dismissed;
- Whether the motion includes disputed expert testimony; and
- The parties' determination as to which party will be the moving party and which will be the opposing party on

summary judgment for each claim and defense subject to the motion.

These items need not be drafted in granular form in the executive summary. Consistent with these directives, the Court will not entertain cross-motions for summary judgment, absent a showing of good cause. Parties may move for leave to file cross-motions, but the basis therefor should briefly be explained in the executive summary.

The Court will then consider the executive summary and determine whether the issues presented are appropriately resolved in a dispositive motion. Depending on the issues presented and whether it appears that the parties have completed adequate discovery to prepare dispositive motions, the Court may thereafter hold either an in-person or telephonic conference with the parties to discuss how to proceed. The conference will also be the parties' opportunity to ask questions to ensure that they fully understand the nature and purpose of the Court's protocols.

As noted above, the executive summary must state with specificity what the parties did to comply with the meet and confer requirement. The executive summary must further detail if a party is unwilling to engage in the meet and confer, and that party's basis for refusal. A party may not simply refuse to meet and confer based on that party's unilateral belief that genuine disputes of fact exist such that summary judgment is inappropriate. In the same vein, if a party refuses to stipulate to a fact as undisputed, that refusal and the reason therefor must also be stated in the executive summary. One party's belief that a fact is immaterial is *not* a legitimate basis to refuse to stipulate to the fact; these arguments are best made in a brief in opposition. Under these circumstances, the Court *will*

hold a conference where it will determine the appropriate remedy for a party's refusal to follow the Court's directives.

The Court ultimately requires that, with any summary judgment motion, the parties submit a single, itemized, agreed-upon statement of factsconsisting of only material facts and the minimum necessary contextualizing facts. The facts must be drafted as a narrative in chronological order. Each itemized, undisputed fact should be supported by pinpoint citation(s) to the record. The parties should omit a facts section from their briefing; the Court will only consider the single, agreed-upon statement of facts. This joint statement of facts must be a separate filing, filed by the movant at the time the motion for summary judgment is due.

To the extent there are factual disputes, the parties must also jointly submit a single, itemized statement of disputed facts, which is to be filed by the movant at the time the motion is due. Each itemized, disputed fact should be supported by each party's separate pinpoint citation(s) to the record. Preparation of this list does not mean that either party concedes that any itemized disputed fact is material or genuinely disputed. Itemized disputed facts must be laid out in a single filing which may not exceed three (3) double-spaced pages. Unlike the executive summary, these undisputed and disputed facts should be complete and in granular form.]

If the parties' summary judgment submissions do not comply with these protocols, the Court reserves the right to deny the motion without prejudice, hold a conference with the parties to determine how to address the non-compliance, and/or take other appropriate action. *See Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (noting that district courts are entitled to insist on strict compliance with rules governing summary judgment filings, and have discretion to determine whether and how to

respond to non-compliance (citing *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817–18 (7th Cir. 2004) and *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995))).

If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P. 56(a). In short, simply because the rules provide for filing motions for summary judgment does not mean that the moving party is obliged to do so. **Any facts about which a party refuses to meet and confer or stipulate without a reasonable basis will be deemed undisputed.**

In addition to the joint statement of facts, the parties must also submit an agreed-upon proposed set of jury instructions detailing the elements of each claim and defense. The joint proposed jury instructions should be filed as a single standalone document filed contemporaneously with the motion for summary judgment. The proposed jury instructions must be tailored to the facts, edited, and formatted exactly as the parties would expect that they be delivered to a jury; form-book citations are not acceptable substitutes. If there is a dispute as to the proposed jury instructions (i.e., as to the applicable law), each party should provide their version of the instruction accompanied by 1–2 cases in support thereof in the joint document. Then, each party must explain why the case(s) support their position regarding the disputed instruction in the motion for summary judgment briefing, keeping within the standard page allotment. In their briefing, the parties should refer and cite to the proposed jury instructions (whether agreed, or their proposed version) to guide the Court through the relevant facts.

Briefs in support of or in opposition to motions for summary judgment should cite no more than ten (10) cases per cause of action or

defense. The Court prefers that parties avoid string citations, particularly those lacking explanatory parentheticals. Reply briefs must conform with Civil Local Rule 56(b)(3) and may not address issues beyond the scope of the opposition brief. Additionally, although it should go without saying, the parties must have actually read the cases to which they cite. Equally important, as officers of the court, counsel for represented parties have an obligation to bring to the Court's attention contrary legal authority, together with an analysis suggesting the authority may be inapplicable, or perhaps, wrongly decided.

### 3. OTHER MOTIONS

This Court also requires the parties to meet and confer about any potentially disputed matter before presenting it to the Court, including requests to continue any matter, applications to file under seal, and other filings seeking a court order. The purpose of meeting and conferring is to attempt to obviate the need for a motion and thus avoid unnecessary Court intervention, or to narrow the scope of issues the Court must resolve; the parties must meet and confer in a good faith attempt to fulfil this purpose. Pro se litigants must also comply.

The motion or other request must be accompanied by a written certification, separately filed, of having met and conferred. If a motion is unopposed, the motion should clearly state that so that the Court may act on it in a timely manner. The Court may strike or outright deny a motion or other relief if the movant has failed to meet and confer in good faith.

### 4. TRIAL PREPARATION

In the event that this case is not resolved through dispositive motion practice or settlement and proceeds to trial, the Court provides the following protocols regarding trial preparation, which it expects the parties

to keep in mind throughout the process of discovery and the factual and legal development of the case.

Should the case proceed to trial, any witnesses who will give testimony **must have previously given a statement or testimony under oath or under penalty of perjury about the matter to which they will testify** (e.g., declaration, affidavit, responses to interrogatories, deposition testimony, previous trial testimony, etc.). The Court imposes this requirement because the formality of a trial will not serve as a substitute for discovery. If a party attempts to call a witness who has not previously given a statement or testimony under oath or under penalty of perjury about the matter to which they will testify, the Court reserves the right to limit examination of that witness. *See* Fed. R. Evid. 611.

If the case proceeds to trial, the Court will set deadlines for the parties to file motions *in limine*, Rule 702 motions, and a joint final pretrial report. A final pretrial conference will be held in person 1–2 weeks before trial is set to begin; during this conference, the Court will explain the jury selection process and schedule for trial days, discuss other trial management matters, and issue pretrial rulings if appropriate.

Pro se litigants and the counsel who will actually try this case **must meet and confer in person** with the goal of jointly preparing a joint final pretrial report, the principal burden for the filing of which rests with counsel for the represented party or parties. The Court further requires that pro se litigants and the principal attorney for each party attend the final pretrial conference in person. Consistent with the facts and law applicable to the case, the final pretrial report must separately address each of the nine (9) enumerated items found in Civil Local Rule 16(c)(1). In addition, a hard copy of the report bearing the original inked signatures of the pro se

litigants and the counsel who will actually try the case must be delivered to the Court's chambers, along with three (3) USB thumb drives, each containing a complete, consolidated set of the parties' exhibits, including all documents and a photograph of each physical exhibit. The exhibit list and thumb drives should contain all exhibits, including those anticipated to be used only for purposes of impeachment or refreshment of recollection. The documents included on the thumb drives must be text-searchable. The signed pretrial report and thumb drives are due at the same time as the electronically filed version.

In preparing the final pretrial report, counsel and their respective clients as well as pro se litigants should carefully read and study with care each of the following ten (10) mandatory requirements:

1. All exhibits must be marked and sequentially numbered in accordance with the procedure outlined in General L.R. 26. All exhibits must be disclosed, either in paper or electronic format, to the opposing party prior to the final pretrial conference. Given that the parties must produce their exhibits to the Court in electronic format, the Court encourages the parties to utilize electronic transfer for their own exchange. If an identical exhibit is to be used jointly by the parties during the course of trial, the exhibit should only be marked once, whether by the plaintiff(s) or defendant(s), and introduced into evidence once, whether by one party or jointly. Further, the parties must jointly prepare a single exhibit list. This exhibit list should be prepared using the "Exhibit and Witness List" form (AO-187) found on this District's website on the "All Forms" page. The plaintiff's or plaintiffs' exhibits should be listed first, in numerical order, followed immediately by the defendant's or defendants' exhibits, in numerical order, and thereafter followed by a listing of the parties' witnesses. The completed form should be e-mailed to the Court's proposed order mailbox at the time the pretrial report is electronically filed.

2. In designating an exhibit for trial, the designating party must have a good-faith basis to believe the exhibit will actually be necessary for use at trial.

3. Save for essential physical exhibits, all evidence is to be presented in an electronic format. The parties should be mindful of this requirement during the discovery process. After the final pretrial conference is concluded, the Court's information technology staff can provide a tutorial on interfacing with the Court's electronic presentation system. The only printed copies of exhibits that should be brought to the courtroom for trial are: (a) those created for the parties' own use at counsel's table, and (b) a single copy of each exhibit for the Court to provide to the jury for its deliberations (if necessary).

4. A brief summary of the elements underlying each claim and defense to be adjudicated must be included in the final pretrial report and inserted immediately preceding the parties' joint proposed jury instructions.

5. Each of the parties' agreed proposed jury instructions as well as the proposed verdict form must be appropriately tailored to the facts and law applicable to the case. Therefore, each proposed instruction as well as the verdict form must be tailored to the facts, edited, and formatted precisely as the parties would expect the instruction(s) and verdict to be submitted to the jury. Simple citations to form book instructions or verdict questions without more is wholly unacceptable. This branch of the Court has a longstanding policy of utilizing the Federal Civil Jury Instructions of the Seventh Circuit, to the extent they are applicable to the facts and legal issues attendant to the parties' claims and defenses. If no Seventh Circuit instruction addresses the relevant issues, the Court generally relies on secondary authority, including O'Malley's Federal Jury Practice and Instructions, and Matthew Bender's Modern Federal Jury Instructions.

6. In the event the parties are unable to agree upon a particular instruction or question in the verdict form in its entirety, the parties must include the separate proposed instruction(s) and/or verdict question(s) as part of the final pretrial report submissions. At the same time, each separately proposed instruction or proposed verdict question must be supported by a memorandum of law and, if appropriate, an offer of proof, prepared by the pro se litigant or by counsel for a represented party, proposing the instruction and/or verdict question. The final pretrial report must also include a

memorandum of law and, if appropriate, an offer of proof prepared by the party opposing the particular instruction and/or verdict question. To be clear, absolutely all briefing both in support of and in opposition to a proposed instruction or verdict question must be included in the final pretrial report. In accordance with Civil Local Rule 7(d), failure to file a memorandum in opposition to a particular instruction or verdict question will be deemed by the Court to be sufficient cause to grant the requested instruction or verdict question. The Court contemplates that the joint drafting process for the instructions and verdict form, like the rest of the final pretrial report, will be conducted by the parties in person so that their differences on the instructions and verdict form may be fully and candidly discussed. Joint drafting also ensures that the parties will present concise arguments based on the actual, not anticipated, positions of their opponents.

7. Any motions *in limine* should consist of one jointly drafted document signed by both parties or their counsel if represented. The motion should begin with a statement of the issue presented and a brief, neutral recitation of the relevant facts. The movant should then offer its arguments in favor of the motion, followed by the non-movant's responses thereto. The Court contemplates that this joint drafting process will be conducted in person so that the parties' differences on the subjects of the motions may be fully and candidly discussed. Joint drafting also ensures that the parties will present concise arguments based on the actual, not anticipated, positions of their opponents.

8. Any Rule 702 motions should be accompanied by a supporting memorandum of law. Responses to any such motions must be filed within seven (7) days. No reply briefs are permitted. As with the motions *in limine*, the Court expects that the parties will confer in person prior to the filing of Rule 702 motions and fully explore their respective positions, so that the motions themselves will focus only on the precise areas of disagreement.

9. As officers of the court, the parties have an obligation to discuss the anticipated filing of pretrial motions directly with one another, as, more often than not, such matters are best resolved informally with open communications between the parties without the necessity of court intervention. The Court notes that "to discuss" requires actual

Page 15 of 19

Case 2:25-cv-00075-JPS   Filed 04/28/25   Page 15 of 19   Document 17

discussion with suggestions for genuine compromise, as opposed to mere e-mail wars of words between opposing parties. Therefore, when filed, all pretrial motions must include a separate certification[2] prepared by the movant or their counsel stating that, after personal consultation with the opposing party, and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The certification must also recite the dates and times of such conferences and the names of all participants. To be clear, the Court expects the parties to confer several times and document those conferences before raising a pretrial motion before the Court. The failure to comply with the letter or the spirit of this rule will be sufficient grounds to deny the motion.

10. With regard to memoranda of law submitted to the Court in reference to disputed jury instructions or verdict questions, or a pretrial motion, the Court makes the following suggestions, which will serve to aid the Court in efficiently addressing such matters:

    a. If the parties intend to file deposition testimony, the parties should e-file a single transcript of the deposition testimony of each witness upon which they intend to rely. Any party citing to a given deponent's testimony should cite only to the docket entry containing said deponent's testimony, enabling the Court to easily locate that deposition, instead of engaging in an archeological dig to locate the source from which the specific excerpt may have been drawn.

    b. Any exhibit or report submitted in support of or in opposition to a party's position should be e-filed in its entirety in a single entry, and any party citing to an exhibit or report should cite only to the one entry containing said report.

    c. All parties should agree on a given citation system. No party should refer to a document by a different moniker than that by which the other parties refer to the same document. The Court strongly encourages the parties to include the docket number (and, if applicable, exhibit letter/number) of documents cited in their submissions. The Court also

---

[2]The certification must be docketed separately and should not be hidden within a motion or a brief.

encourages the parties, if they are filing numerous exhibits as attachments to their motions, to include an index attached to the motion that notes the title of the exhibits that follow. When viewing the electronic docket, it should be obvious which documents are responsive to (or in support of) another document, as well as the identity of such other document.

    d. All documents submitted to the Court electronically should be in an electronically-searchable format. If any documents are filed under seal, a thumb drive containing electronically-searchable PDF versions of the files should be provided to the Clerk's Office so that the Court will have access to all the documents, including those filed under seal, in an electronically searchable format.

    e. The parties shall not deliver additional courtesy copies of submissions to the Judge's chambers unless specifically directed to do so.

As the parties, and their counsel if represented, endeavor to complete their work associated with the preparation of the final pretrial report, they are expected to confer in a candid, open manner, and make a good faith effort toward settlement of the case in its entirety.

**5. SETTLEMENT AND MEDIATION**

In recognition of the Court's limited resources and an ever burgeoning case load assigned to this branch of the Court, together with the continued escalating costs associated with litigation, the Court finds it prudent to require that counsel and their respective clients and pro se litigants seriously undertake all appropriate measures, including utilizing the services of a randomly assigned magistrate judge, or another outside, third party neutral agreed upon by the parties, to bring the case to conclusion short of trial. In the event that counsel and their respective clients and pro se litigants wish to avail themselves of the services of the randomly assigned magistrate judge, they are reminded that, like district

judges, magistrate judges have very busy calendars. Therefore, in order to ensure timely scheduling of one or more mediation sessions suitably in advance of the scheduled trial date, counsel and pro se litigants must take appropriate steps to jointly request that the Court make such a referral. Such a request may be included in the executive summary described above.

Accordingly, the Court finds it prudent to direct that the parties confer forthwith to explore settlement, and, if appropriate, utilize the services of the randomly assigned magistrate judge or other third party neutral for purposes of conducting one or more settlement conferences. However, the Court preemptively warns the parties that it will not stay any deadlines while the parties explore settlement in this matter. The Court will further direct the parties file with the Court an interim settlement report generally summarizing any progress made as of the report due date, including the date(s) the parties, and their counsel if represented, actually met and conferred. If the plaintiff is proceeding pro se, then defense counsel is responsible for filing these reports electronically via CM/ECF, although the plaintiff is nonetheless responsible for participating in the preparation of the reports. Such report must be filed using a case-participant-only restriction so that access is restricted to the Court and the parties. Gen. L.R. 79(d). No separate motion to seal/restrict the settlement report is necessary.

6. **DATES**

Where not otherwise specified by the Court, the parties should follow the standard deadlines as set by the Federal Rules of Civil Procedure and the local rules. As will be reiterated in the scheduling order and at any conference with the Court, **motions for extensions of time will not be looked upon favorably**. Motions to extend are always considered but rarely granted.

Finally, the Court readily acknowledges and well appreciates the fact that, in this branch, preparation of a case requires a substantial commitment of time and resources. The parties ought not treat the Court's directives lightly. In the final analysis, adequate preparation remains the hallmark of an effective advocate, and while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court. The Court has attached copies of certain procedural rules, as well as a monograph prepared by court staff to address common questions that arise in pro se civil litigation. This monograph, entitled "Answers to Pro Se Litigants' Common Questions," contains a wealth of information that the pro se litigant may find useful in prosecuting this case.

The parties are encouraged to contact chambers should they have any questions about the matters addressed herein.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge